IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

Civil Action No. 23-cv-2620-NYW-MEH

ZEPHERINE MILLER,

      Plaintiff,
v.

NATIONAL CREDIT SYSTEMS, INC.,

      Defendant.

---

# SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The scheduling conference is set for November 20, 2023, at 1:30 p.m. Counsel for each party are as follows:

Counsel for Plaintiff: Daniel Vedra of Vedra Law LLC, located at 1444 Blake Street, Denver CO, 80202, (303) 937-6540.

Counsel for Defendant: John Bowdich of Bowdich & Associates, PLLC, located at 8150 North Central Expressway, Suite 500, Dallas, TX 75206, (214) 307-9500.

## 2. STATEMENT OF
## JURISDICTION

Jurisdiction is proper based on 28 U.S.C. § 1331, 15 U.S.C § 1681p, and 15 U.S.C. § 1692k(d).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff:

This action concerns the improper reporting of negative credit information in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Plaintiff Zepherine Miller moved to Colorado to make a better life for herself and her children. She applied to rent an apartment at a complex in Denver, Colorado called "Alas Over Lowry". After she signed the lease, which contained no security deposit, the landlord demanded that she pay a security deposit and refused to give her the keys to the apartment. When Plaintiff did not give in to the landlord's improper demands, the landlord turned the alleged obligation over to its debt collector, Defendant National Credit Systems, Inc. ("NCS"). NCS commenced reporting this incorrect obligation to the three national consumer reporting agencies, Equifax, Experian, and Trans Union.

Plaintiff then retained counsel and sued the landlord. She was successful. Among other things, the landlord consented to a judgment where the District Court for the City and County of Denver declared that the lease was "void" and that Plaintiff "is not obligated to [the landlord] under the subject lease." Still, the lease remained on her credit. To remove this matter from her credit, Plaintiff submitted three dispute letters, one to each of the national consumer reporting agencies, and included the court order declaring that she did not owe the landlord any money and the lease was void. NCS allegedly investigated the dispute but concluded that the tradeline was accurate—notwithstanding that a court of competent jurisdiction had declared the underlying obligation void. The three consumer reporting agencies then sent letters to Plaintiff stating that the lease would remain on her credit. Plaintiff then disputed the account with two of the consumer reporting agencies by phone. Still, the lease remained on her credit. This lawsuit followed.

Plaintiff sued NCS under the FDCPA and FCRA. Plaintiff submits that NCS; violated the FDCPA's provisions on reporting credit information to a consumer reporting agency in violation of 15 U.S.C. § 1692c(b); violated the FDCPA's prohibitions against using false, deceptive, or misleading representations or means to collect a debt in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), and 1692e(10); violated the FDCPA's prohibitions against unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f(1); and violated the FCRA's requirements under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation of credit disputes and delete, modify, or block information that is inaccurate or cannot be verified.

Defendant NCS:   The Original Creditor, Alas Over Lowery Apts managed by The Connor Group, provided the subject debt related to a breach of lease to NCS for collection in December, 2020. The Original Creditor provided NCS with a copy of the Lease signed by Plaintiff, Lease Application, Application Acknowledgement form, and Utilities Addendums. The Lease Application Acknowledgement form signed by the Plaintiff indicated that the minimum required security deposit was $300 and the Lease signed by Plaintiff indicated that the

2

Security Deposit was $1,000.

In July and August, 2021, Plaintiff disputed the subject debt claiming that no security deposit was due. After confirming Plaintiff's allegations were directly refuted by the documents Plaintiff signed and confirming the account with the Original Creditor, NCS verified the account. In October, 2021, in response to inquiries from NCS, the Creditor adjusted the amount due to account for the apartment being re-leased which reduced the amount of accelerated rent owed to the current balance of $9,670.

In April, 2023, NCS re-investigated the account based on Plaintiff's dispute. The investigation included a review of the documents in NCS's file as described above, the Account Notes which previously verified the account, and the documents included with the ACDVs received from the consumer reporting agencies (CRAs). That investigation included verifying the debt in writing from the Original Creditor. Based on that reasonable investigation, NCS verified the account.

Based on these facts, NCS relies on the affirmative defenses included in its Answer (Doc. 9).

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Jurisdiction and venue are proper.

2. NCS is a debt collector.

## 5. COMPUTATION OF DAMAGES

Plaintiff:

1. Plaintiff seeks actual damages under the FDCPA and FCRA 15 U.S.C. § 1681k(a)(1); 15 U.S.C. § 1681n(a)(1); and 15 U.S.C. § 1681a(1). These damages include, but are not limited to, harm to credit standing, increased financial burdens, emotional distress, and other non-economic matters. The foregoing damages are not reasonably subject to calculation as contemplated by Rule 26(a)(1), are to be determined by the jury, or are the subject of expert testimony.

      2.      Plaintiff seeks statutory damages under 15 U.S.C. § 1692k(a)(2) in the amount of $1,000.

      3.      Plaintiff seeks statutory damages under 15 U.S.C. § 1681n(a)(1)(A).

      4.      Plaintiff's non-economic damages are not capable of precise disclosures as contemplated by Fed. R. Civ. P. 26(a)(1)

      5.      Plaintiff is entitled to her reasonable attorney fees and cost pursuant to 15 U.S.C. § 1692k(a)(3); 15 U.S.C § 1681n(a)(3); and 15 U.S.C. § 1681o(b).

      6.      Plaintiff intends to seek punitive damages under 15 U.S.C. § 1681n(a)(2).

Defendant NCS:  NCS denies liability, causation, and damages.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

      a.      Date of Rule 26(f) meeting.

October 19, 2023.

      b.      Names of each participant and party he/she represented.

Daniel J. Vedra representing Plaintiff.

John Bowdich representing Defendant.

      c.      Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Plaintiff:  The parties completed their Rule 26(f) meet and confer on October 19, 2023.  Pursuant to Rule 26(a)(1)(C), Plaintiff made her initial disclosures on November 2, 2023.

Defendant:  Defendant served its Rule 26(a)(1) Disclosures on November 13, 2023.

      d.      Proposed changes, if any, in timing or requirement of disclosures under Fed. R.Civ. P. 26(a)(1).

Plaintiff:  Plaintiff timely made her disclosures and did not agree to alter the deadline for Defendant.

Defendant: Defendant served its Rule 26(a)(1) Disclosures on November 13, 2023.

None.

    e.  Statement concerning any agreements to conduct informal discovery:

None.

    f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties agree to number deposition exhibits consecutively.

    g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: if each party has electronically stored information, it will all be subject to disclosure and/or discovery. The parties expect to exchange all relevant documents in Portable Document Format (PDF) unless the native format is specifically requested.

    h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Defendant has requested an early settlement proposal. Plaintiff is willing to entertain making a settlement demand upon receipt of certain documentation including account collection notes, ACDV's (credit disputes as received from the consumer reporting agencies), dispute investigation results, and credit reporting history. Defendant agrees to produce these documents with its Rule 26(a)(1) Disclosure Responses.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

     a.     Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The presumptive number of depositions (10) and interrogatories (25) shall be permitted.

     b.     Limitations which any party proposes on the length of depositions.

All depositions shall be limited to seven hours.

     c.     Limitations which any party proposes on the number of requests for production and/or requests for admission.

Each party may serve a maximum of 30 requests for production and 45 requests for admission.

     d.     Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

All written discovery requests must be served sixty days before the discovery cutoff.

     e.     Other Planning or Discovery Orders

OBJECTIONS TO DISCOVERY REQUESTS:

Plaintiff seeks the Defendant to agree that there will be no general objections included in discovery responses for three important reasons: 1. It makes it unclear whether the "general objection" applies to any specific request and the rules require specific objections, e.g., Rule 33 (b)(4) "The grounds for objecting to an interrogatory must be stated with specificity."; 2. There is no clear indication that by including general objections as to whether or not any information is actually being withheld based on the objection; 3. To the extent that the general objection is based on privilege or work product, a party who asserts a privilege or work product must comply with Rule 26(b)(5) that requires the party to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Therefore, a general objection on these grounds is not appropriate.

Plaintiff also seeks the Defendant to agree that if a specific objection is made by a party to a discovery request, the party must state whether or not there is any discovery being withheld on the basis of the objection. This can alleviate unnecessary motion practice for the parties. If there is no discovery withheld, then there is no need for a motion to compel if there is an issue as to the viability of the objection.

Defendant:  The Parties agree to refrain from any general objections applicable to all discovery requests.

The Parties also agree to specify whether any documents ar being withheld as a result of any discovery objections asserted.

### 9. CASE PLAN AND SCHEDULE

    a.    Deadline for Joinder of Parties and Amendment of Pleadings:

December 31, 2023.

    b.    Discovery Cut-off:

May 31, 2024.

    c.    Dispositive Motion Deadline:

July 1, 2024

    d.    Expert Witness Disclosure

The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff: Plaintiff may disclose a witness in the area of consumer credit, the handling of credit disputes, and damages therefrom.   This may be more than one expert in different fields.

Defendant NCS:  NCS, depending on the nature and amount of damages sought by Plaintiff, could designate an expert on the damages claimed by Plaintiff.  NCS may also designate an expert regarding its reasonable investigation procedures.

Limitations which the parties propose on the use or number of expert witnesses.

The Parties agree to no more than one expert per topic, per side. **Court: Two experts per side maximum.**

Plaintiff shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before March 1, 2024.

Defendant shall designate all experts and provide opposing

counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 5, 2024.

Plaintiff shall designate any rebuttal expert information on or before April 30, 2023.

    e.    Identification of Persons to Be Deposed:

Plaintiff:

A Rule 30(b)(6) Designee of Defendant
ACDV Dispute Operator(s) of Provana
A representative of Equifax
A representative of Experian
A representative of Trans Union
A representative of The Connor Group
A representative of Prosper Funding
A representative of Tinker Federal Credit Union
A Representative of Communication Federal Credit Union
Any expert disclosed by defendant.

Defendant:

Reserves the right to depose any of the persons/representatives set out by Plaintiff above, as well as Plaintiff, any person designated by Plaintiff with knowledge of Plaintiff's damages and any other fact witness that may be disclosed by the Parties.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

    <u>Defendant NCS requests a settlement conference to be held no later than January 31, 2024</u>.

b. A final pretrial conference will be held in this case by Judge Wang.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b. Anticipated length of trial and whether trial is to the court or jury.

Maximum of five days to a jury, likely four days.  Defendant NCS expects the trial to last no longer than 3 days.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse
1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

Plaintiff: The scheduling order may be altered or amended only upon a showing of good cause.

Defendant: The scheduling order may be altered or amended only upon a showing of good cause or by agreement of the Parties, so long as such modifications do not change the dispositive motion deadline, final pretrial hearing, and trial.

DATED at Denver, Colorado, this 20th day of November, 2023.

BY THE COURT:

  S/Michael E. Hegarty
United States Magistrate Judge

APPROVED:

/s/ Daniel J. Vedra
Daniel J. Vedra
1444 Blake Street
Denver, CO 80202
303-937-6540
,

/s/ John W. Bowdich
John W. Bowdich
8150 N. Central Expy, Suite 500
Dallas, TX 75206
(214) 307-9500

10