IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

ZEPHERINE MILLER,                            §
                                             §
        *Plaintiff*,                         §
                                             §
v.                                           §            Civil Action No. 1:23-cv-02620-MEH
                                             §
NATIONAL CREDIT SYSTEMS, INC.,               §
                                             §
        *Defendant*.                         §

---

**DEFENDANT NATIONAL CREDIT SYSTEMS, INC.'S AMENDED
ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

---

National Credit Systems, Inc. ("Defendant" or "NCS") files this amended answer to respond to Plaintiff's *First Amended Complaint and Jury Demand* (the "Complaint") filed by Plaintiff Zepherine Miller ("Plaintiff" or "Miller") and would show the Court as follows:

A.  ADMISSIONS & DENIALS

Pursuant to Rule 8(b), Defendant makes the following admissions, denials and other responses to Plaintiff's averments, by corresponding paragraph number used in the Complaint:

I.  INTRODUCTION

1.      Defendant does not dispute that Plaintiff brings the action described by Paragraph 1, however Defendant denies any liability for the alleged claims and denies that Plaintiff suffered any damages as a result of any unlawful conduct by Defendant as described by Paragraph 1. Defendant admits that Plaintiff applied for and signed a Lease for the Alas Over Lowry Apts managed by The Connor Group (collectively the "Original Creditor"), that the Original Creditor repeatedly confirmed and verified the alleged debt including the security deposit issue after

Defendant received from disputes from Plaintiff and performed reasonable investigations. Defendant denies any facts in Paragraph 1 not specifically admitted.

2.      Defendant does not dispute that Plaintiff sued and obtained the offer of judgment obtained, but denies that Defendant did not perform a reasonable investigation.  Defendant denies any facts in Paragraph 2 not specifically admitted.

## II.  PARTIES, JURISDICTION, AND VENUE

3.      Defendant lacks sufficient information to know the truth whether Plaintiff is residing in Oklahoma County, Oklahoma.

4.      Defendant admits the allegations in Paragraph 4.

5.      Defendant admits the allegations in Paragraph 5.

6.      Defendant admits the allegations in Paragraph  6.

7.      Defendant admits the allegations in Paragraph 7.

8.      Defendant admits the allegations in Paragraph 8.

9.      Defendant admits the allegations in Paragraph 9.

10.     Defendant admits the allegations in Paragraph 10.

11.     Defendant denies the allegations in Paragraph 11.

12.     Defendant denies the allegations in Paragraph 12.

13.     Defendant admits the allegations in Paragraph 13.

14.     Upon the advice of Counsel for confidentiality and relevancy reasons, Defendant refuses to admit or deny the allegation in Paragraph 14.

15.     Upon the advice of Counsel for confidentiality and relevancy reasons, Defendant refuses to admit or deny the allegation in Paragraph 15.

16.     Upon the advice of Counsel for confidentiality and relevancy reasons, Defendant refuses to admit or deny the allegation in Paragraph 16.

17.     Upon the advice of Counsel for confidentiality and relevancy reasons, Defendant refuses to admit or deny the allegation in Paragraph 17.

18.     Upon the advice of Counsel for confidentiality and relevancy reasons, Defendant refuses to admit or deny the allegation in Paragraph 18.

19.     Upon the advice of Counsel for confidentiality and relevancy reasons, Defendant refuses to admit or deny the allegation in Paragraph 19.

20.     Upon the advice of Counsel for confidentiality and relevancy reasons, Defendant refuses to admit or deny the allegation in Paragraph 20.

21.     Upon the advice of Counsel for confidentiality and relevancy reasons, Defendant refuses to admit or deny the allegation in Paragraph 21.

22.     Upon the advice of Counsel for confidentiality and relevancy reasons, Defendant refuses to admit or deny the allegation in 22.

23.     Upon the advice of Counsel for confidentiality and relevancy reasons, Defendant refuses to admit or deny the allegation in Paragraph 23.

24.     Upon the advice of Counsel for confidentiality and relevancy reasons, Defendant refuses to admit or deny the allegation in Paragraph 24.

25.     Upon the advice of Counsel for confidentiality and relevancy reasons, Defendant refuses to admit or deny the allegation in Paragraph 25.

26.     Upon the advice of Counsel for confidentiality and relevancy reasons, Defendant refuses to admit or deny the allegation in Paragraph 26.

27.     Upon the advice of Counsel for confidentiality and relevancy reasons, Defendant refuses to admit or deny the allegation in Paragraph 27.

28.     Upon the advice of Counsel for confidentiality and relevancy reasons, Defendant refuses to admit or deny the allegation in Paragraph 28.

29.     Upon the advice of Counsel for confidentiality and relevancy reasons, Defendant refuses to admit or deny the allegation in Paragraph 29.

30.     Defendant admits that it uses a company with an office in India, Provana, to assist in the performance of reasonable dispute investigations, but denies the remaining allegations in Paragraph 30.

31.     Defendant admits the allegations in Paragraph 31.

32.     Defendant admits the allegations in Paragraph 32.

33.     Defendant admits the allegations in Paragraph 33.

34.     Defendant admits the allegations in Paragraph 34, however removed the case to this Court.

35.     Defendant admits the allegations in Paragraph 35, however removed the case to this Court.

36.     Defendant denies the allegations in Paragraph 36.

FACTUAL ALLEGATIONS

*Background*

37.     Defendant admits the allegations in Paragraph 37.

38.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 38.

39.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 39.

40.     Defendant admits the allegations in Paragraph 40.

41.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 41.

42.     Defendant admits the allegations in Paragraph 42.

43.     Defendant admits the allegations in Paragraph 43.

44.     Defendant lacks sufficient information to know the truth about the allegations contained in Paragraph 44.

45.     Defendant admits the allegations in Paragraph 45.

46.     Defendant admits the allegations in Paragraph 46.

47.     Defendant admits the allegations in Paragraph 47.

48.     Defendant admits the allegations in Paragraph 48.

49.     Defendant admits the allegations in Paragraph 49.

50.     Defendant denies the allegations in Paragraph 50.

51.     Defendant admits the allegations in Paragraph 51.

52.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 52.

53.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 53.

54.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 54.

55.     Defendant admits receiving ACDVs in April and May 2023 but otherwise denies the allegations in Paragraph 55

56.     Defendant admits the allegations in Paragraph 56.

57.     Defendant denies the allegations in Paragraph 57.

58.     Defendant denies the allegations in Paragraph 58.

59.     Defendant admits the allegations in Paragraph 59.

60.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 60.

61.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 61.

62.     Defendant denies the allegations in Paragraph 62.

63.     Defendant denies the allegations in Paragraph 63.

64.     Defendant denies the allegations in Paragraph 64.

65.     Defendant denies the allegations in Paragraph 65.

66.     Defendant denies the allegations in Paragraph 66.

*The Debt Collector's Debt Collection and Credit Dispute Investigation Processes*

67.     Defendant denies the allegations in Paragraph 67.

68.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 68.

69.     Defendant admits the allegations in Paragraph 69.

70.     Defendant denies the allegations in Paragraph 70.

71.     Defendant admits in part the allegations in Paragraph 71, as Defendant uses the assistance of Provana to perform reasonable dispute investigations.

72.     Defendant admits in part the allegations in Paragraph 72, as Defendant uses the assistance of Provana to perform reasonable dispute investigations.

73.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 73.

74.     Defendant denies the allegations in Paragraph 74.

75.     Defendant denies the allegations in Paragraph 75.

76.     Defendant denies the allegations in Paragraph 76.

77.     Defendant denies the allegations in Paragraph 77.

78.     Defendant denies the allegations in Paragraph 78.

79.     Defendant denies the allegations in Paragraph 79.

80.     Defendant denies the allegations in Paragraph 80.

81.     Defendant denies the allegations in Paragraph 81.

82.     Defendant denies the allegations in Paragraph 82.

83.     Defendant denies the allegations in Paragraph 83.

*The Debt Collector's Knowledge*

84.     Defendant denies the allegations in Paragraph 84.

85.     Defendant denies the allegations in Paragraph 85.

86.     Defendant denies the allegations in Paragraph 86.

87.     Defendant admits that it conducted a reasonable investigation, and denies any fact to the contrary in Paragraph 87.

88.     Defendant denies the allegations in Paragraph 88.

89.     Defendant admits the allegations in Paragraph 89.

90.     Defendant denies the allegations in Paragraph 90.

91.     Defendant admits the allegations in Paragraph 91, but denies that it is in the alternative.

92.     Defendant denies the allegations in Paragraph 92.

93.     Defendant denies the allegations in Paragraph 93.

94.     Defendant denies the allegations in Paragraph 94.

95.     Defendant denies the allegations in Paragraph 95.

96.     Defendant denies the allegations in Paragraph 96.

97.     Defendant denies the allegations in Paragraph 97.

98.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 98.

99.     Defendant lacks sufficient information to know the truth about the allegations in Paragraph 99.

100.    Defendant admits that Defendant disputed the alleged debt, but denies it knowingly or negligently furnished inaccurate information as alleged in Paragraph 100.

101.    Defendant denies the allegations in Paragraph 101.

102.    Defendant denies the allegations in Paragraph 102.

103.    Defendant denies the allegations in Paragraph 103.

104.    Defendant denies the allegations in Paragraph 104.

105.    Defendant denies the allegations in Paragraph 105.

106.    Defendant admits that it follows all required regulatory guidelines, and without more specific information in Paragraph 106, cannot admit vague or nonspecific information in an internet cite

107.    Defendant denies the allegations in Paragraph 107 particularly as no time frame is provided.

108.    Defendant denies the allegations in Paragraph 108.

109.    Defendant denies the allegations in Paragraph 109.

110.    Defendant denies the allegations in Paragraph 110.

111.    Defendant denies the allegations in Paragraph 111.

112.    Defendant denies the allegations in Paragraph 112.

113.    Defendant denies the allegations in Paragraph 113.

COUNT 1
(VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692 *ET SEQ.*)

114.    Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

115.    Defendant lacks sufficient information to know the truth about the allegations in Paragraph 115.

116.    Defendant lacks sufficient information to know the truth about the allegations in Paragraph 116.

117.    Defendant lacks sufficient information to know the truth about the allegations in Paragraph 117.

118.    Paragraph 118 contains argument and legal authority, not facts.  To the extent any facts are alleged in Paragraph 118, Defendant denies same.

119.    Defendant denies the allegations in Paragraph 119.

120.    Paragraph 120 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny.  To the extent that Paragraph 120 does contain any factual averments, Defendant denies same.

121.    Defendant denies the allegations in Paragraph 121.

122.    Paragraph 122 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny.  To the extent that Paragraph 122 does contain any factual averments, Defendant denies same.

123.    Defendant denies the allegations in Paragraph 123.

124.    Defendant denies the allegations in Paragraph 124.

125.    Defendant denies that Plaintiff is entitled to any requests for relief as provided in Paragraph 125.

COUNT II
VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681 ET SEQ.)

126.    Defendant re-alleges and incorporates by reference each of its responses to the preceding paragraphs as though fully set forth herein.

127.    Defendant lacks sufficient information to know the truth about the allegations in Paragraph 127.

128.    Defendant admits the allegations in Paragraph 128.

129.    Paragraph 129 contains only legal argument, and not any factual averments about Plaintiff's claim for Defendant to admit or deny.  To the extent that Paragraph 129 does contain any factual averments, Defendant denies same.

130.    Defendant denies the allegations in Paragraph 130.

131.    Defendant denies the allegations in Paragraph 131.

132.    Defendant denies the allegations in Paragraph 132.

133.    Defendant denies the allegations in Paragraph 133.

134.    Defendant denies the allegations in Paragraph 134.

135.    Defendant denies the allegations in Paragraph 135.

136.    Defendant denies that Plaintiff is entitled to any requests for relief as provided in Paragraph 136.

137.    Defendant denies that Plaintiff is entitled to any requests for relief as provided in Paragraph 137.

138.    Defendant denies the allegations in Paragraph 138.

139.    Defendant denies the allegations in Paragraph 139.

<u>JURY DEMAND</u>

The demand for jury trial is without any factual averment(s) to admit or deny.

In the unnumbered and untitled paragraph following Plaintiff's Jury Demand, Defendant denies that Plaintiff is entitled to any requests for relief numbered 1 through 7.

**In addition, Defendant denies any factual averments made in the Complaint that are not specifically admitted above.**

## B.  AFFIRMATIVE DEFENSES

AD1.   At all relevant times, Defendant maintained and followed reasonable procedures to avoid violations of the FCRA.

AD2.   Defendant, in compliance with the FCRA, reasonably investigated Plaintiff's alleged Debt and verified and updated its data furnishing accordingly.   Such reasonable investigation included verifying the subject debt with the Original Creditor, Alas Over Lowrey Apartments managed by The Connor Group, A Real Estate Investment Firm d/b/a The Connor Group (collectively the "Original Creditor") in light of the Plaintiff's dispute.

AD3.  Defendant maintains that it properly and timely changed its reporting of information related to Plaintiff's alleged debt to the consumer reporting agencies as disputed; and Defendant has not acted with negligence, malice, actual malice, or willful intent to injure or

failure to follow the obligations of the FCRA in performing reasonable investigations of Plaintiff's disputes, particularly when the documentation available from the Original Creditor supports the alleged debt and the Original Creditor confirmed the debt during the investigation process despite any court order.

AD4.   Plaintiff's claims against Defendant are barred in whole or in part, by the fact Plaintiff has no actual or concrete damages resulting from any unlawful conduct by Defendant, *See e.g., Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021).

AD5.   Plaintiff's claims against Defendant are barred because Plaintiff's disputes (a) were not objectively verifiable based on the information and documents provided by Plaintiff and available to Defendant from the Original Creditor, including the Original Creditor's verification of the debt, and/or (b) involved a legal dispute or affirmative defense.

AD6.   Even if Plaintiff proves the allegations in the Complaint, Defendant is not liable to Plaintiff because the FDPCA exculpates collectors who make mistakes notwithstanding the use of reasonable procedures adopted to prevent making them.   Defendant has policies and procedures to prevent or avoid the claims asserted by Plaintiff.   Any actions or omissions resulting in the alleged FDCPA violations was not intentional and resulted from a bona fide mistake, notwithstanding the use of such reasonable procedures Defendant has adopted to avoid such actions or omissions.  *See* 15 U.S.C. § 1692k(c).

AD7.   Plaintiff's claims are barred in whole or in part by Plaintiff's failure to mitigate. Specifically, Plaintiff did not take action against the Original Creditor when the Original Creditor failed to abide by the resolution of the underlying lawsuit related to the subject debt.

AD8.   Plaintiff's claims against Defendant are barred, or Defendant is not liable for Plaintiff's claims, due to intervening or superseding causes.   Specifically, Defendant, as part of its reasonable investigation regarding Plaintiff's dispute, inquired with the Original Creditor to confirm whether the underlying debt had been resolved, only to be instructed by the Original Creditor that the debt remained valid.

AD9.   Plaintiff's claims against Defendant are barred, or Defendant is not liable for Plaintiff's claims, due to the actions of third parties. Specifically, Defendant, as part of its reasonable investigation regarding Plaintiff's dispute, inquired with the Original Creditor to confirm whether the underlying debt had been resolved, only to be instructed by the Original Creditor that the debt remained valid.

Defendant reserves the right to seek to amend or supplement its affirmative defenses to include any defenses of which it is not presently aware.

<u>PRAYER</u>

Defendant requests a judgment that Plaintiff takes nothing on her claims against Defendant and that Plaintiff's claims against Defendant are dismissed.   Defendant prays for such other and further relief to which Defendant is entitled.

Respectfully submitted,


By: _____s/John W. Bowdich_____
        JOHN W. BOWDICH
        State Bar No. 00796233

BOWDICH & ASSOCIATES, PLLC
8150 N. Central Expy., Suite 500
Dallas, Texas 75206
(214) 307-9500 – Telephone
(214) 307-5137 – Telecopy
jbowdich@bowdichlaw.com

ATTORNEYS FOR DEFENDANT
NATIONAL CREDIT SYSTEMS, INC.


<u>CERTIFICATE OF SERVICE</u>

On December 21, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, District of Colorado using the electronic case filing system of the court, thereby providing service to all parties.

Daniel J. Vedra, Esq.          <u>VIA ECF</u>
VEDRA LAW LLC
1444 Blake Street
Denver, CO 80202
*ATTORNEY FOR PLAINTIFF*


By:_____s/John W. Bowdich_____
        JOHN W. BOWDICH