IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ZEPHERINE MILLER, | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | §   No. 1:23-cv-02620-NWY-MEH |
| | § |
| NATIONAL CREDIT SYSTEMS, INC., | § |
| | § |
| *Defendant*. | § |

## DEFENDANT'S OPPOSED MOTION TO MODIFY SCHEDULING ORDER

Defendant National Credit Systems, Inc. ("Defendant" or "NCS") through its counsel, respectfully requests that the Court modify the scheduling order to extend the dates for the discovery period and dispositive motions. Specifically, so that Defendant can take the deposition of Plaintiff and file a motion for summary judgment. As grounds therefore, Defendant states as follows:

### D.C.Colo L.Civ.R. 7.1(a) Certificate of Conferral

Defendant's Counsel certifies that he sent a draft of this Motion to Plaintiff's Counsel on June 28, 2024 and had a telephone conversation with Plaintiff's Counsel on July 1, 2024. Plaintiff Zepherine Miller opposes the relief sought.

### D.C.Colo L.Civ.R. 6.1(c) Certificate of Service to Client

Defendant's Counsel certifies that this Motion is contemporaneously served on his client.

### I.   INTRODUCTION

Plaintiff filed this case against NCS seeking actual, statutory, and punitive damages against Defendant NCS under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

Following an issue with the security deposit, Plaintiff attempted to cancel the lease she signed with the landlord, Alas Over Lowry (the "Original Creditor"). As a result, Plaintiff's account with the Original Creditor was sent to collections at NCS who furnished information regarding the account to the consumer reporting agencies ("CRAs"). After NCS would not submit a request for deletion of the account to the CRAs, Plaintiff hired her current counsel in this lawsuit and sued the Original Creditor. Through an offer of judgment from the Original Creditor, Plaintiff obtained a judgment that included a declaration that the lease was void.

With this judgment, Plaintiff disputed the NCS tradeline through a dispute letter written by her counsel in this lawsuit to each of the three CRAs. Upon receipt of the dispute from the CRAs, NCS sent the dispute, including a copy of the judgment, to the Original Creditor for verification whether the debt was valid. The Original Creditor indicated the debt was valid, and therefore, NCS did not submit a request for deletion of the Original Creditor's account when responding to the CRAs. This action followed. Plaintiff alleges that NCS failed to conduct a reasonable investigation of her dispute in violation of the FCRA and continued to furnish information regarding the Original Creditor's account in violation of the FDCPA.

NCS contends that it conducted a reasonable investigation of the dispute and followed reasonable procedures to process the dispute, including verification of the account with the Original Creditor.

While Counsel for the parties discussed extending the discovery deadline informally, Plaintiff's Counsel now indicates that Plaintiff does not desire to engage in further discovery despite the fact that both parties have outstanding depositions requested. To date, both parties have exchanged extensive written discovery, both parties have requested and obtained documents through third party subpoenas, both parties have served expert designations with reports, and

Plaintiff has taken the depositions of the CRAs and one of Defendant's investigators. Other than other individuals who were involved in the investigation of Plaintiff's disputes, the depositions of Plaintiff and Defendant's corporate representative have not been taken.

Consequently, Defendant cannot complete its expected motion for summary judgment until it obtains Plaintiff's deposition. The dispositive motion deadline is July 1, 2024. Defendant proposes to extend the discovery to August 14, 2024 for the purposes of taking Plaintiff's deposition, and to extend the dispositive motions deadline to September 12, 2024.

## II.  STANDARD OF REVIEW

The scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "'In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts.'" *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2016) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014)). "Trial courts have considerable discretion in determining what kind of showing satisfies this good cause standard." *Id.* (quotations and ellipsis omitted). "In making this determination, the factor on which courts are most likely to focus is the relative diligence of the lawyer who seeks the change. Good cause is likely to be found when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." *Id.* (quotations and ellipses omitted). While possible prejudice to the opposing party is a consideration, "the focus of the inquiry is upon the moving party's reasons for seeking

modification." *Id.* (quoting and citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

### III.  ARGUMENT

Defendant submits that there is good cause to modify the scheduling order. First, Defendant has been generally diligent in pursuing the required fact discovery needed to complete a dispositive motion. For the deposition sought by Defendant, Plaintiff's deposition, it has been continually requested over the past three months. In addition to oral requests, Defendant requested the scheduling of Plaintiff's deposition from Plaintiff's Counsel in writing on at least March 8, 2024, April 23, 2024, and June 4, 2024. Plaintiff's Counsel has not provided any available dates. It would be particularly unfair and prejudicial for Plaintiff to refuse to provide dates for Plaintiff's deposition, then refuse to extend the deadline for same.

Additional efforts have been delayed by Defendant's Counsel's docket which has unexpectedly grown due to the proliferation of consumer protection statute case filings. According to WebRecon, LLC, which tracks state and federal FCRA lawsuits, data shows that 2,744 lawsuits have been filed between January and May of this year, a 23% rise from the same period a year ago. Defendant's caseload has grown by a similar percentage over last year. In addition, more of these cases are reaching trial, with Defendant's Counsel handling four trials already this year on consumer protection cases.

Finally, there is no possible prejudice to the Plaintiff when Plaintiff has not provided available dates for Plaintiff's deposition, the tradeline is not included in Plaintiff's credit file, and currently, no trial date scheduled.

## IV. CONCLUSION

Defendant requests this extension solely to obtain Plaintiff's deposition and complete a dispositive motion. The discovery needed has been delayed through no fault of Defendant, who has been diligently pursuing the deposition. WHEREFORE, Defendant respectfully requests that the Court extend the Discovery Deadline to August 14, 2024 for the purposes of taking Plaintiff's deposition, and to extend the dispositive motions deadline to September 12, 2024. Included in the Order, Defendant requests an Order requiring Plaintiff to available dates for Plaintiff's deposition during the weeks of July 29 and August 4, 2024.

Respectfully submitted,

By: *s/John W. Bowdich*
 JOHN W. BOWDICH
 State Bar No. 00796233

BOWDICH & ASSOCIATES, PLLC
8150 N. Central Expy., Suite 500
Dallas, Texas 75206
(214) 307-9500 – Telephone
(214) 307-5137 – Telecopy
jbowdich@bowdichlaw.com

ATTORNEYS FOR DEFENDANT
NATIONAL CREDIT SYSTEMS, INC.

## CERTIFICATE OF SERVICE

On July 1, 2024, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, District of Colorado using the electronic case filing system of the court, thereby providing service to all parties.

| | |
|---|---|
| Daniel J. Vedra, Esq.<br>VEDRA LAW LLC<br>1444 Blake Street<br>Denver, CO 80202 | VIA E-MAIL: dan@vedralaw.com |
| Duran Keller, Esq.<br>8 N Third Street, Suite 403<br>Lafayette, IN 47901-1264 | VIA E-MAIL: duran@keller.law |

*ATTORNEYS FOR PLAINTIFF*

By: *s/John W. Bowdich*
JOHN W. BOWDICH