Ex. 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| ZEPHERINE MILLER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 1:23-cv-02620-MEH |
| | § | |
| NATIONAL CREDIT SYSTEMS, INC., | § | |
| | § | |
| *Defendant*. | § | |

# DEFENDANT NCS'S FIRST AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND INTERROGATORIES

To: Plaintiff Zepherine Miller, by and through his attorney of record, Daniel J. Vedra, Esq., at Vedra Law LLC, 1444 Blake Street, Denver, CO 80202.

Pursuant to the Federal Rules of Civil Procedure, Defendant National Credit Systems, Inc. ("NCS" or "Defendant") serves its first amended objections and responses to *Plaintiff's Single [**sic**]Interrogatory to Defendant National Credit Systems Inc., Set 2.*

**Plaintiff previously served an interrogatory seeking ten (10) discrete items of information, and thus only has fifteen (15) remaining discrete subparts.**

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 2:** Name, employer and address (if NCS employee, work address is fine) of the person(s) who submitted and/or reviewed any ACDV from any consumer reporting agency concerning Plaintiff or the Disputed Account. (Please be advised that we need addresses not only for investigation, but also such that we may obtain valid service should we elect to depose these individuals. This request is intended to obtain information concerning the people involved in processing the disputes/ACDVs and/or communicated with any consumer reporting agency.)

**ANSWER:**

**NCS refers Plaintiff to its objections and responses to Interrogatory No. 1. As this information was provided previously, NCS does not count this response as any additional subpart of the maximum allowed by the Scheduling Order and Rule 33.**

**<u>INTERROGATORY NO. 3</u>:** Identify each person who you may use to support your claims or defenses who has formed any opinions (lay, skilled or expert) concerning this lawsuit. For each such person, briefly describe the information or opinions possessed by that person and whether they have personal knowledge of the events underlying that knowledge or opinion and any authoritative manuals or treatises which inform their opinions.

**<u>ANSWER</u>:**

**This Interrogatory calls for three (3) discrete subparts of information, the identification of responsive individuals, their information or opinions, and the basis for such information or opinions:**

**NCS identifies two corporate representatives of NCS - Ron Sapp, VP of Operations, and Jon Green, General Counsel, who may be used to support NCS's defenses. Both Mr. Sapp and Mr. Green are personally familiar with, and helped develop, NCS's policies and procedures to (a) reasonably investigate indirect disputes received through the ACDV process, including those provided to Provana, and (b) to prevent any unauthorized collection practices, including those set out in Plaintiff's claims [1692c(b), 1692e(2)(A), e(8), and e(10), and 1692f and f(1)]. The basis for those opinions generally comes from their extensive experience in the consumer collection industry, any testimony or discovery obtained during this lawsuit, their knowledge of the consumer protection statutes at issue, and their work for NCS.**

**NCS reserves the right to expand on the number of responsive individuals, particularly as those individual(s) may either be presently unknown or outside of NCS's control and specifically includes any person deposed or that provides testimony in this case that provides responsive information and the basis for that information.**

**<u>INTERROGATORY NO. 4</u>:** Identify the provisions of any authoritative resource, treatise, book, text, or other document which you or your experts believe to reflect the standard of care required of you in relation to the claims in this case, which is authoritative in relation to those claims or which you may rely on to establish that standard of care.

**<u>ANSWER</u>:**

**<u>Overly broad and burdensome</u>: Defendant objects to this interrogatory for the reason that it is overly broad, harassing, and/or burdensome.**

**<u>Marshal of Proof</u>: Defendant objects to this interrogatory to the extent it seeks Defendant to marshal all evidence that may be used at trial.**

**<u>Exceeds scope of discovery rules:</u> Defendant objects to this interrogatory for the reason that it exceeds the scope of the Federal Rules of Civil Procedure regarding expert discovery.**

**Subject to and without waiving the foregoing objections, the term "standard of care" is not found in any of the consumer protection statutes asserted by Plaintiff and is generally known as an element in a negligence case. Regardless, NCS strives to collect only valid debts and to comply with its obligations under the FCRA and FDCPA. For those purposes, NCS has developed policies and procedures to satisfy those obligations and generally include a requirement of its clients to verify the debt at the time of placement, a services agreement which requires accurate information with indemnity protection, and policies and procedures to reasonably investigate debtor disputes. For "authoritative sources" conceivably that could include FDCPA, FCRA, industry resources, and any case law interpreting the FDCPA and FCRA related to Plaintiff's claims. Additionally, NCS would refer to any expert report or expert designations served in this case.**

**INTERROGATORY NO. 5:** For the years 2021 to the present date; identify NCS's gross and net income. (This information is a necessary to evaluate the resources available to conduct reasonable investigations which also concerns the propriety of the scope of any investigation and basis of alternative means of investigation for both determining liability and damages. Providing only such information concerning a parent company or company other than NCS makes the response incomplete, including because NCS's resources and specific financials are often not reflected in NCS's books and final net worth/audited financials.)

**ANSWER:**

**This Interrogatory calls for two (2) discrete subparts of information.**

**Overly broad and burdensome: Defendant objects to this interrogatory for the reason that it is overly broad, harassing, and/or burdensome, including due to the information sought (prejudicial and sought to mislead the jury) and for the reason that it is not limited in scope to the relevant time period.**

**Confidentiality: Defendant objects to this interrogatory for the reason that it calls for the disclosure of confidential and personal information, particularly as NCS is a privately-owned company. The disclosure of the requested information would be pervasive at this stage of the litigation, particularly when the facts do not demonstrate that this is a punitive damages case.**

**Relevancy – Exceeds Scope of Discovery at this stage of Litigation: Defendant objects to this area of inquiry for the reason that it seeks information that is not relevant to Plaintiff's claims in the context of the proportionality analysis required by FED. R. CIV. P. 26(b) (discovery allowed only on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.").**

***See e.g., Tremble v. Town & Country Credit Corp.*, 2005 WL 3830032 (ND Ill. Nov. 5, 2005); *Dungan v. CACV of Colorado, LLC*, 2005 WL 3707831 (SD Ind. June 1, 2005).**

**The law provides the parameters of a reasonable investigation, not the resources available to the data furnisher. A company making $1 annually and a company making $1M annually have the same obligations under the FCRA. The fact that Plaintiff openly argues in the request that available resources (or even worse, gross revenue) should be taken into account in an evaluation of whether a reasonable investigation was performed evidence a clear intent to use such information for prejudicial purposes and to mislead a jury in violation of FRE 403.**

**<u>INTERROGATORY NO. 6</u>:** Please identify NCS's current net worth, and separately identify NCS's revenue and profit for the years 2021, 2022, 2023 and (when available) 2024. Please identify the document(s) upon which your answers are based.

**<u>ANSWER</u>:**

**This Interrogatory calls for three (3) discrete subparts of information, one of which overlaps the previous interrogatory, and thus considered two (2) discrete subparts.**

**<u>Overly broad and burdensome</u>: Defendant objects to this interrogatory for the reason that it is overly broad, harassing, and/or burdensome, including due to the information sought (prejudicial and sought to mislead the jury) and for the reason that it is not limited in scope to the relevant time period.**

**<u>Confidentiality</u>: Defendant objects to this interrogatory for the reason that it calls for the disclosure of confidential and personal information, particularly as NCS is a privately-owned company. The disclosure of the requested information would be pervasive at this stage of the litigation, particularly when the facts do not demonstrate that this is a punitive damages case.**

**<u>Relevancy – Exceeds Scope of Discovery at this stage of Litigation</u>: Defendant objects to this area of inquiry for the reason that it seeks information that is not relevant to Plaintiff's claims in the context of the proportionality analysis required by FED. R. CIV. P. 26(b) (discovery allowed only on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). *See e.g., Tremble v. Town & Country Credit Corp.*, 2005 WL 3830032 (ND Ill. Nov. 5, 2005); *Dungan v. CACV of Colorado, LLC*, 2005 WL 3707831 (SD Ind. June 1, 2005).**

**The law provides the parameters of a reasonable investigation, not the resources available to the data furnisher. A company making $1 annually and a company making $1M annually have the same obligations under the FCRA. The fact that Plaintiff openly argues**

**in the request that available resources (or even worse, gross revenue) should be taken into account in an evaluation of whether a reasonable investigation was performed evidence a clear intent to use such information for prejudicial purposes and to mislead a jury in violation of FRE 403. In addition, even if Plaintiff established a prima facie case supporting an intentional or reckless act, disclosure of profits or revenue would not be relevant to punitive damages, only net worth could be considered (the value of a company's assets less its liabilities).**

**INTERROGATORY NO. 7:** For each of the calendar years 2021-2024, please state the amount you budgeted and paid for (1) error and omission insurance and (2) litigation, including defense of consumer protection claims.

**ANSWER:**

**This Interrogatory calls for at least two (2) discrete subparts of information.**

**Overly broad and burdensome: Defendant objects to this interrogatory for the reason that it is overly broad, harassing, and/or burdensome, including due to the information sought (prejudicial and sought to mislead the jury) and for the reason that it is not limited in scope to the relevant time period.**

**Confidentiality: Defendant objects to this interrogatory for the reason that it calls for the disclosure of confidential and proprietary information.**

**Relevancy: Defendant objects to this interrogatory for the reason that it seeks information that is not relevant to the claims and defenses in this case. *See* FED. R. CIV. P. 26(b) (discovery allowed only on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). Specifically, the information requested has no relevance to whether NCS committed an unauthorized collection activity under the FDCPA, nor whether it conducted a reasonable investigation of Plaintiff's 2023 disputes at issue. The existence of insurance (which undeniably would be revealed by any evidence as to its cost) would violate FRE 411 as well as be prejudicial pursuant to FRE 403. Certain states and clients may require certain levels of insurance for example, while Plaintiff would be suggesting that insurance is a mechanism to avoid any responsibility for NCS's actions and clearly improper. Regarding litigation costs, any budgeted or paid amount would not have any non-prejudicial relevance to the issues in this case. In addition, such costs are also a reflection of consumer protection statutes that provide for plaintiffs' attorneys fees and are used as a mechanism for debtors seeking to avoid their debts, both of which invite the prosecution of unmeritorious or questionable claims which cause significant costs when the debt collector/data furnisher is left with two expensive alternatives, defending and settling.**

**INTERROGATORY NO. 8:** For each of the calendar years 2021-2024, please state the amount you budgeted and paid for the credit dispute investigations at issue.

**ANSWER:**

**This Interrogatory calls for at least two (2) discrete subparts of information.**

**Overly broad and burdensome: Defendant objects to this interrogatory for the reason that it is overly broad, harassing, and/or burdensome, including due to the information sought (prejudicial and sought to mislead the jury) and for the reason that it is not limited in scope to the relevant time period.**

**Confidentiality: Defendant objects to this interrogatory for the reason that it calls for the disclosure of confidential and proprietary information.**

**Relevancy: Defendant objects to this interrogatory for the reason that it seeks information that is not relevant to the claims and defenses in this case. *See* FED. R. CIV. P. 26(b) (discovery allowed only on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). Specifically, the information requested has no relevance to whether NCS conducted a reasonable investigation of Plaintiff's 2023 disputes at issue.**

**INTERROGATORY NO. 9:** Identify the amount of money you paid each month since the beginning of 2021 for processing credit disputes (received from CRAs through eOSCAR) and the payee of such payment.

**ANSWER:**

**This Interrogatory calls for at least two (2) discrete subparts of information.**

**Overly broad and burdensome: Defendant objects to this interrogatory for the reason that it is overly broad, harassing, and/or burdensome, including due to the information sought (prejudicial and sought to mislead the jury) and for the reason that it is not limited in scope to the relevant time period.**

**Confidentiality: Defendant objects to this interrogatory for the reason that it calls for the disclosure of confidential and proprietary information.**

**Relevancy: Defendant objects to this interrogatory for the reason that it seeks information that is not relevant to the claims and defenses in this case. *See* FED. R. CIV. P. 26(b) (discovery allowed only on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the**

**issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). Specifically, the information requested has no relevance to whether NCS conducted a reasonable investigation of Plaintiff's 2023 disputes at issue.**

**INTERROGATORY NO. 10:** Please identify (name, address, telephone number and last known email address) each person who separated from employment or a relationship (of any nature) with NCS during the preceding 2 years, who resides within the territorial United States, and who reviewed, completed, participated in or supervised any investigation into consumer disputes, including of any credit information provided by you to any consumer reporting agency, consumer or furnisher.

**ANSWER:**

**This Interrogatory calls for at least two (2) discrete subparts of information.**

**Number of Interrogatories: Pursuant to FED. R. CIV. P. 33(a)(1), Plaintiff is limited to no more than 25 interrogatories, including subparts. Defendant objects to these interrogatories because Plaintiff's Interrogatories seek more than 25 discrete responses. Thus, Plaintiff's Interrogatories violate FED. R. CIV. P. 33(a)(1).**

**Overly broad and burdensome: Defendant objects to this interrogatory for the reason that it is overly broad, harassing, and/or burdensome as it appears Plaintiff is on a fishing expedition to question former employees not represented by counsel that have no relationship to, or personal knowledge of, the facts, claims, or defenses in this case.**

**Confidentiality: Defendant objects to this interrogatory for the reason that it calls for the disclosure of confidential information.**

**Relevancy: Defendant objects to this interrogatory for the reason that it seeks information that is not relevant to the claims and defenses in this case. *See* FED. R. CIV. P. 26(b) (discovery allowed only on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.").**

**INTERROGATORY NO. 11:** Please identify all documentation you use or consult to conduct any credit dispute investigation, including of the type of dispute for the subject account, for operational and training purposes. (This could be, for example, an eOSCAR Guide, internal raining documentation, or a Credit Reporting Resource Guide.).

**ANSWER:**

**<u>Number of Interrogatories</u>: Pursuant to FED. R. CIV. P. 33(a)(1), Plaintiff is limited to no more than 25 interrogatories, including subparts. Defendant objects to these interrogatories because Plaintiff's Interrogatories seek more than 25 discrete responses. Thus, Plaintiff's Interrogatories violate FED. R. CIV. P. 33(a)(1).**

**<u>Confidentiality</u>: Defendant objects to this interrogatory for the reason that it calls for the disclosure of confidential and proprietary information.**

**<u>Overly broad and burdensome</u>: Defendant objects to this interrogatory for the reason that it is overly broad, harassing, and/or burdensome as it appears Plaintiff is on a fishing expedition, particularly when there is no time limitation in the request, seeking to question former employees not represented by counsel that have no relationship to, or personal knowledge of, the facts, claims, or defenses in this case.**

**Subject to and without waiving the foregoing objection, pursuant to Rule 33(d), NCS will produce all documents responsive to this interrogatory following the entry of a protective order to protect the confidentiality of NCS's policies and procedures.**

**<u>INTERROGATORY NO. 12</u>:** For each year from 2021 to the present, state your average cost for the investigation of each consumer dispute and identify all persons with knowledge of these figures and all documents that contain them.

**<u>ANSWER</u>:**

**This Interrogatory calls for at least two (2) discrete subparts of information.**

**<u>Number of Interrogatories</u>: Pursuant to FED. R. CIV. P. 33(a)(1), Plaintiff is limited to no more than 25 interrogatories, including subparts. Defendant objects to these interrogatories because Plaintiff's Interrogatories seek more than 25 discrete responses. Thus, Plaintiff's Interrogatories violate FED. R. CIV. P. 33(a)(1).**

**<u>Overly broad and burdensome</u>: Defendant objects to this interrogatory for the reason that it is overly broad, harassing, and/or burdensome, including due to the information sought (prejudicial and sought to mislead the jury) and for the reason that it is not limited in scope to the relevant time period.**

**<u>Confidentiality</u>: Defendant objects to this interrogatory for the reason that it calls for the disclosure of confidential and proprietary information.**

**<u>Relevancy</u>: Defendant objects to this interrogatory for the reason that it seeks information that is not relevant to the claims and defenses in this case. *See* FED. R. CIV. P. 26(b) (discovery allowed only on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the**

**information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). Specifically, the information requested has no relevance to whether NCS conducted a reasonable investigation of Plaintiff's 2023 disputes at issue.**

**INTERROGATORY NO. 13:** Please identify and describe all documents that were withheld from your discovery production, including on the basis of any objection. (For example, "Defendant withheld the estimated insurance budgets for 2022 and 2023 on the basis of _____." We want to know whether any documentation exists and whether we (not you) believe the documentation may be helpful to our case.).

**ANSWER:**

**Number of Interrogatories: Pursuant to FED. R. CIV. P. 33(a)(1), Plaintiff is limited to no more than 25 interrogatories, including subparts. Defendant objects to these interrogatories because Plaintiff's Interrogatories seek more than 25 discrete responses. Thus, Plaintiff's Interrogatories violate FED. R. CIV. P. 33(a)(1).**

**Subject to and without waiving the foregoing objections, Defendant refers Plaintiff to its responses to Plaintiff's RFPs.**

**INTERROGATORY NO. 14:** Have you, for any of the last 3 years, had in place any subscriber agreement or other written document between you and any consumer reporting agency or furnisher to which you furnished information concerning the Disputed Account? If so, please state the name and address of the persons who have access to said documentation.

**ANSWER:**

**This Interrogatory calls for at least two (2) discrete subparts of information.**

**Number of Interrogatories: Pursuant to FED. R. CIV. P. 33(a)(1), Plaintiff is limited to no more than 25 interrogatories, including subparts. Defendant objects to these interrogatories because Plaintiff's Interrogatories seek more than 25 discrete responses. Thus, Plaintiff's Interrogatories violate FED. R. CIV. P. 33(a)(1).**

**Overly broad and burdensome: Defendant objects to this interrogatory for the reason that it is overly broad, harassing, and/or burdensome. While unclear, it also appears to seek information to assert an improper *Hunstein* type claim related to the disclosure of information to third parties.**

**Confidentiality: Defendant objects to this interrogatory for the reason that it calls for the disclosure of confidential, proprietary and/or trade secret information.**

**<u>Relevancy</u>: Defendant objects to this interrogatory for the reason that it seeks information that is not relevant to the claims and defenses in this case. *See* FED. R. CIV. P. 26(b) (discovery allowed only on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."). Specifically, the information requested has no relevance to whether NCS conducted a reasonable investigation of Plaintiff's 2023 disputes at issue.**

**<u>INTERROGATORY NO. 15</u>:** Have you made any errors or mistakes related to the credit reporting or any investigation concerning Plaintiff or the Disputed Account? If your response is anything other than an unqualified "no," please identify and describe:

a) all such errors and mistakes you made;
b) the procedures you have in place to avoid such error or mistake; and
c) the number of times you have made each such error relating to any person or account (not just the Disputed Account at issue of Plaintiff).

**<u>ANSWER</u>:**

**This Interrogatory calls for at least four (4) discrete subparts of information.**

**<u>Number of Interrogatories</u>: Pursuant to FED. R. CIV. P. 33(a)(1), Plaintiff is limited to no more than 25 interrogatories, including subparts. Defendant objects to these interrogatories because Plaintiff's Interrogatories seek more than 25 discrete responses. Thus, Plaintiff's Interrogatories violate FED. R. CIV. P. 33(a)(1).**

**<u>Confidentiality</u>: Defendant objects to this interrogatory for the reason that it calls for the disclosure of confidential, proprietary and/or trade secret information, specifically its policies and procedures (as well as its Account Notes).**

**Subject to and without waiving the foregoing objections, regarding the FCRA claim, the law does not require a data furnisher to resolve all dispute investigations correctly, rather NCS is required to perform a reasonable investigation of the dispute in accordance with the requirements of FCRA § 1681s-2(b). Here, pursuant to NCS's and Provana's policies and procedures, Provana (NCS's contractor hired to perform reasonable investigations of indirect disputes) received and reviewed Plaintiff's dispute, prior disputes verified by the Original Creditor, and the Original Creditor's documentation supporting the debt and Plaintiff as the responsible party as provided in NCS's Account Notes and other documentation. In addition, pursuant to NCS's and Provana's policies and procedures, and as directed in Plaintiff's dispute, sent a letter to the Original Creditor attaching a full copy of Plaintiff's dispute (Plaintiff's March 23, 2023 dispute letter and attachments) requesting the Original Creditor to investigate the dispute and provide information on the status of the debt. As a result of that inquiry to the Original Creditor, when no response was initially received, and again pursuant to NCS's policies and procedures, NCS's system sent two**

**additional emails to the Original Creditor seeking its investigation results as well as information on the status of the debt. Those investigation results from the Original Creditor were received on April 19, 2023 where the Original Creditor verified the debt as valid. As a result of the Original Creditor's verification of Plaintiff's debt and assertions that the debt remained due, NCS verified the debt in response to four ACDVs processed in April and May, 2023. To the extent those verifications and the subsequent furnishing of information to the consumer reporting agencies regarding the debt are "errors" based on the accepted Offer of Judgment in the underlying litigation between Plaintiff and the Original Creditor, that "error" occurred four times in response to the ACDVs. Following those ACDVs there were no collection attempts regarding this debt by NCS. (Note, Plaintiff's Complaint alleges a violation of FDCPA § 1692c(b) without any factual allegations in support and thus cannot determine whether any "error" occurred with respect to that claim.)**

**Copies of NCS's policies and procedures and any guidelines in place to avoid any such error as described above will be supplemented after the Court's entry of a protective order.**

**INTERROGATORY NO. 16:** Please identify the dates—including the dates you furnished information to the date you requested a deletion, suppression, or stopped reporting— concerning the Disputed Account to a) Equifax, b) Trans Union and c) Experian. Please provide with your answer the reason you ceased reporting the Disputed Account.

**ANSWER:**

**This Interrogatory calls for at least two (2) discrete subparts of information.**

**Number of Interrogatories: Pursuant to FED. R. CIV. P. 33(a)(1), Plaintiff is limited to no more than 25 interrogatories, including subparts. Defendant objects to these interrogatories because Plaintiff's Interrogatories seek more than 25 discrete responses. Thus, Plaintiff's Interrogatories violate FED. R. CIV. P. 33(a)(1).**

**Vague and ambiguous: Defendant objects to any misnomer regarding "reporting" the subject account. Defendant furnishes information regarding the debt to the CRAs, it does not determine what is included in Plaintiff's credit reports.**

**Subject to and without waiving the foregoing objection, NCS first furnished information regarding the alleged debt to the CRAs on or about March 2, 2021 which continued through September, 2023. Deletion of the account occurred as the result of NCS's reinvestigation of Plaintiff's dispute after being served with this litigation.**

I acknowledge reviewing and authorizing National Credit Systems, Inc.'s responses above.

Date: February 1, 2024

NATIONAL CREDIT SYSTEMS, INC.

By: ______________________
Jonathan Green, General Counsel

Respectfully submitted,

By: *s/John W. Bowdich*
JOHN W. BOWDICH
State Bar No. 00796233

BOWDICH & ASSOCIATES, PLLC
8150 N. Central Expy., Suite 500
Dallas, Texas 75206
(214) 307-9500 – Telephone
(214) 307-5137 – Telecopy
jbowdich@bowdichlaw.com

ATTORNEYS FOR DEFENDANT
NATIONAL CREDIT SYSTEMS, INC.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading was served on all counsel of record in a manner consistent with Federal Rules of Civil Procedure on the 1st day of February, 2024 as follows:

Daniel J. Vedra, Esq. VIA EMAIL
VEDRA LAW LLC
1444 Blake Street
Denver, CO 80202
*ATTORNEY FOR PLAINTIFF*

By: *s/John W. Bowdich*
JOHN W. BOWDICH